BEST & CO. ET AL. *v.* UNITED STATES (No. 3249)[1]

United States Court of Customs and Patent Appeals, January 13, 1930

*William L. Wemple* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

[1] T. D. 43813

[Oral argument December 3, 1929, by Mr. Wemple and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court holding certain golf hose to be dutiable under the provision of paragraph 1114 of the Tariff Act of 1922, relating to hose and half hose, and overruling the protest of appellant claiming that said merchandise is properly dutiable as outerwear which is provided for in the last clause of paragraph 1114.

The pertinent part of paragraph 1114, under which the merchandise was classified, reads as follows:

Hose and half hose  *  *  *  wholly or in chief value of wool, valued at not more than $1.75 per dozen pairs, 36 cents per pound and 35 per centum ad valorem; valued at more than $1.75 per dozen pairs, 45 cents per pound and 50 per centum ad valorem.

The last clause of paragraph 1114, under which claim is made, reads as follows:

Outerwear and other articles, knit or crocheted, finished or unfinished, wholly or in chief value of wool, and not specially provided for, valued at not more than $1 per pound, 36 cents per pound and 40 per centum ad valorem; valued at more than $1 per pound and not more than $2 per pound, 40 cents per pound and 45 per centum ad valorem; valued at more than $2 per pound, 45 cents per pound, and 50 per centum ad valorem.

The court below held that the common meaning of the word "hose" includes the merchandise in question, and that no different commercial meaning of the word had been shown.

It is unnecessary to quote the dictionary definitions of the word "hose." Such definitions clearly bring golf hose, as the same are described in the testimony, within the common meaning of the word "hose."

The word "golf" is merely descriptive of a particular kind of hose, as the words "men's," "women's," and "children's" would be descriptive of other kinds of hose. Golf hose may also be "outerwear," but as the clause of the paragraph relating to outerwear contains the phrase "not specially provided for," we must hold that golf hose are specially provided for under the word "hose," and therefore the outerwear provision has no application to the merchandise in question.

We have carefully considered the contention of appellant that the omission of the word "stockings" and the use of the words "hose and half hose" in paragraph 1114 narrowed the class of articles intended to be taxed under that designation. We do not agree with this contention and think that in the use of the words "hose and

half hose" Congress was merely describing two general divisions of hosiery, and any particular kind of hose or half hose that would fall within either of the divisions should be held to be dutiable at the rate provided for "hose and half hose." According to appellant's construction of the phrase, three-quarters hose and ankle hose could not be assessed for duty either as "hose" or "half hose." It is very clear to us that Congress had no intention of so restricting the meaning of the words "hose and half hose."

We agree with the Customs Court that "golf hose" are included within the meaning of "hose" as that word is used in paragraph 1114, and the judgment is *affirmed*.